19-3137
Binn v. Abbe

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of September, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                     *Circuit Judges.*
_____

MORETON BINN, MARISOL F, LLC,

                 *Plaintiffs-Appellees*,

           v.                                              19-3137-cv

RICHARD K. ABBE,

                 *Defendant-Appellant*.[1]
_____

Appearing for Appellant:      Sandeep Savla, Latham & Watkins LLP (Christopher J. Clark, *on the brief*), New York, N.Y.

Appearing for Appellee:       Michael J. Maloney, Felicello Law P.C. (Rosanne Elena Felicello, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Stanton, *J.*).

_____

[1] The Clerk of Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **VACATED and the case is REMANDED**.

Appellant Richard K. Abbe appeals from the August 29, 2019 order of the United States District Court for the Southern District of New York (Stanton, *J.*) denying him leave to pursue a motion for Rule 11 sanctions against Plaintiffs-Appellees Moreton Binn and Marisol F, LLC pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(c)(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The PLSRA requires that a district court "include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). Abbe argues that the district court's one-sentence order, which states in its entirety that "[f]or substantially the reasons set forth in plaintiffs [sic] August 12, 2019 letter, this application is denied," Special App'x at 1, does not comply with the requirements of the PSLRA. We agree. The district court's reference to Appellants' letter is insufficient to satisfy its statutory obligation. The letter does not make specific findings as to each claim, nor does it address each attorney or plaintiff's conduct in bringing the present action. "As the [PSLRA] require[s] the district court to make findings, we have no choice but to remand in order to permit it to do so." *Gurary v. Winehouse*, 190 F.3d 37, 47 (2d Cir. 1999); *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 638-39 (11th Cir. 2010) ("[T]he PSLRA, by its own terms, clearly requires findings as to each claim, each party, and each attorney.").

Accordingly, the order of the district court hereby is VACATED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2